LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald T. Flood, | No. CV 03-2050-PHX-DGC (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

The remaining claim in this state prisoner's civil rights action concerns his opportunities for exercise while housed in Special Management Unit II, the highest custody level in the Arizona Department of Corrections (ADC). Defendants have filed a Second Motion for Summary Judgment (Doc. #35-36). Plaintiff responded, and Defendants replied (Doc. ##37-38). The Court will grant Defendants' second motion.

**I. Background**

Plaintiff was validated as a member of a Security Threat Group known as the Aryan Brotherhood and placed in a maximum custody arrangement called Special Management Unit II ("SMU II") on June 6, 2003. Defendants are ADC Director Dora Schriro, Deputy Warden Conrad Luna, and Classification Committee Specialist Barbara Shearer. In a previous order, the Court denied Plaintiff's summary judgment motion and granted summary judgment in favor of Defendants on Plaintiff's due process, retaliation and Eighth Amendment claims, except for Plaintiff's claim regarding his opportunities for exercise (Doc.

#34). It was undisputed that prisoners in SMU II were allowed 3 hours of exercise per week in a yard that was 23 feet by 11 feet wide, with cements walls, cement floor, and a steel mesh top. The Court permitted Defendants an additional thirty days to file a second summary judgment motion in light of a recent change in ADC policy to allow 6 instead of 3 hours of exercise per week (Id. at 10).

Defendants filed their second motion for summary judgment, contending that effetive December 29, 2005, the ADC increased the hours in the exercise yard from 3 to 6 per week (Doc. #35 at 4 & DSOF, Ex 1, McWilliams Aff. ¶ 15, Doc. #36). They contend that 6 hours is constitutionally sufficient. They also assert that the yard is exposed to fresh air and sunlight, and the inmate can see the sky through the steel mesh top (McWilliams Aff. ¶ 7, Doc. #36). During some times of the year and some times of the day, the sun is not directly visible (Id.). A staggered exercise scheduled, however, ensures that each inmate may exercise while there is sun in the yard (Id. ¶ 9). Plaintiff uses the yard regularly and also exercises in his cell (Id. ¶ 13).

Plaintiff responds that depending on the time of year, the recreation yard may not receive any direct sunlight and that because of the height of the walls, the air movement was limited because not many breezes come straight down (Doc. #37 at 1). He also contends that a cement floor and a handball are not exercise equipment, and he expresses a desire for pull-up bars and push-up stations (Doc. #37 at 2).

Defendants reply that the amount of sunlight depends upon the weather and not the defendants, and that the lack of a breeze does not violate the Constitution (Doc. #38 at 3). They further contend that Plaintiff can work his major muscle groups by doing jumping jacks, running in place, walking, playing handball, and doing callisthenics (Id.).

**II. Summary Judgment Standard**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

1 When considering a summary judgment motion, the evidence of the non-movant is "to be
2 believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson v. Liberty
3 Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). These inferences are limited, however, "to those
4 upon which a reasonable jury might return a verdict." <u>Triton Energy Corp. v. Square D. Co.</u>,
5 68 F.3d 1216, 1220 (9th Cir. 1995).

6 Rule 56(c) mandates the entry of summary judgment against a party who, after
7 adequate time for discovery, fails to make a showing sufficient to establish the existence of
8 an element essential to that party's case, and on which the party will bear the burden of proof
9 at trial. <u>Celotex</u>, 477 U.S. at 322-23. Rule 56(e) compels the nonmoving party to "set forth
10 specific facts showing that there is a genuine issue for trial" and not to "rest upon the mere
11 allegations or denials of [the party's] pleading." The nonmoving party must do more than
12 "simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita
13 Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). There is no issue
14 for trial unless there is sufficient evidence favoring the non-moving party. <u>Anderson</u>, 477
15 U.S. at 249. Summary judgment is warranted if the evidence is "merely colorable" or "not
16 significantly probative." <u>Id.</u> at 249-50.

17 **III. Analysis**

18 Under the Eighth Amendment, punishment may not be "barbarous" nor may it
19 contravene society's "evolving standards of decency." <u>Rhodes v. Chapman</u>, 452 U.S. 337,
20 346 (1981). Only deprivations denying the minimal civilized measure of life's necessities
21 are sufficiently grave for an Eighth Amendment violation. <u>Johnson v. Lewis</u>, 217 F.3d 726,
22 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food, medical
23 care, or sanitation" or "other conditions intolerable for prison confinement." <u>Rhodes</u>, 452
24 U.S. at 348.

25 The deprivation of outdoor exercise for inmates who are under long-term segregation
26 violates the Eighth Amendment. <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th Cir. 1996). Five
27 hours of exercise per week has been found to be constitutionally sufficient. <u>See Baptisto v
28 Ryan</u>, 2006 WL 798879, at *33 (D. Ariz. March 28, 2006) (collecting decisions of the

Fourth, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits).  Plaintiff does not dispute that he has the opportunity for exercise six hours per week.

Instead, he contends that he does not always have sunlight, that the air has limited movement, and he does not have enough exercise equipment.  It is undisputed that Plaintiff has light, but some days and some times there is no direct sunlight.  Infrequent deprivation of sunlight, direct or indirect, does not constitute a denial of the "minimal civilized measure of life's necessities."  Rhodes, 542 U.S. at 347.  Defendants assert that the exercise schedule is staggered so inmates each have an opportunity to be in the yard at times when there is light, and Plaintiff has not controverted this assertion. Plaintiff also asserts that the air has limited movement.  He is constitutionally entitled to fresh air, not a breeze, and it is undisputed that the yard has a mesh top for fresh air.  Finally, Plaintiff's contention that the yard needs more exercise equipment does not show that his constitutional rights have been violated.  He is not constitutionally entitled to exercise equipment of his choice, and the yard has ample space for his physical movement.  There is no evidence to show that his Eighth Amendment rights were violated, and he therefore is not entitled to declaratory or injunctive relief on this claim.

**IT IS ORDERED** that Defendants' Second Motion for Summary Judgment (Doc. #35) is **granted**.  The Clerk of Court must enter a judgment of dismissal accordingly.

DATED this 12th day of October, 2006.

_____
David G. Campbell
United States District Judge